Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

# UNITED STATES DISTRICT COURT
for the
District of NEBRASKA

_____ Division

| | |
|---|---|
| Sandra Montgomery<br>_Plaintiff(s)_<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>CITY OF OMAHA<br>_Defendant(s)_<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 8:23CV447<br>_(to be filled in by the Clerk's Office)_<br><br>Jury Trial: _(check one)_ ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | SANDRA MONTGOMERY |
| Street Address | 10251 NEBRASKA AVENUE |
| City and County | OMAHA |
| State and Zip Code | NE 68134 |
| Telephone Number | 402-216-3760 |
| E-mail Address | SANDRA.MONTGOMERY84@GMAIL.COM |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: City of Omaha, a political subdivision of the State of NE
- Job or Title *(if known)*:
- Street Address: 1819 Farnam, Suite 804
- City and County: Omaha, Douglas County
- State and Zip Code: Nebraska
- Telephone Number: 402-444-5115
- E-mail Address *(if known)*: matthew.kuhse@cityofomaha.org

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Telephone Number
E-mail Address *(if known)*

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | City of Omaha |
| Street Address | 1819 Farnam |
| City and County | Omaha, Douglas County |
| State and Zip Code | Nebraska  68183 |
| Telephone Number | 402-444-5300 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: the Respondent Retaliated against me for filing a discrimination complaint and subsequent lawsuit. This action has adversely affected my pension, currently I am 60 years of age.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

12/10/2022

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☒ age *(year of birth)* 60 *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)* _____

E. The facts of my case are as follows. Attach additional pages if needed.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

06/10/2023

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 7/27/2023 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Iam asking for damages of back pay and lost benefits to date, front pay including retirement, like sum for violations of the Equal Pay Act. Reinstatement of my position of Human Relations Representative II and or front pay for the loss of said position. Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and non-pecuniary losses. Damages for actual malice or reckless indifference to my protected rights. Award for all attorney fees.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/12/2023

Signature of Plaintiff   Sandra Montgomery
Printed Name of Plaintiff   Sandra Montgomery

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ EEOC<br>☐ FEPA | 563-2023-02020 |
| **Indiana Civil Rights Commission** and EEOC |||
| *State or local Agency, if any* |||

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Sandra Montgomery | 402-216-3760 | 1963 |

Street Address
10251 Nebraska Ave
OMAHA, NE 68134

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CITY OF OMAHA | 501+ Employees | |

Street Address
1819 FARNAM ST STE 804
OMAHA, NE 68183

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Age, Retaliation | Earliest: 12-10-2022  Latest: 06-14-2023 |
| | ☒ Continuing Action |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I have been employed by the City of Omaha since November 2005, in the Human Rights and Relations Department. Since 2015, I worked as a Human Relations Rep II, aka supervisor enforcement. In May 2021, I was demoted without due process. Around May 1, 2021 I appealed the demotion to the personnel board. I was supposed to go before board within 30 days, however, I went 12 months later in May 2022. (Unreasonably delaying my appeal- the same as a denial). In November 2021, the city offered to negotiate with me and went back and forth with no meaningful or good faith offers from the city. On May 6, 2022 I stopped negotiating with the city, and advised them of no further negotiations.

I allege the Respondent Retaliated against me for filing a discrimination complaint and subsequent lawsuit in violation of The Civil Rights Act of 1964, as amended. This action has adversely affected my pension, currently I am 60 years of age, and at the time of incident 58 years of age.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally Signed By: Sandra Montgomery**
06/14/2023

*Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Page 1 of 2

CP Enclosure with EEOC Form 5 (11 09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Indianapolis District Office
101 West Ohio St. Suite 1900
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/27/2023

**To:** Sandra Montgomery
10251 Nebraska Avenue
OMAHA, NE 68134
Charge No: 563-2023-02020

EEOC Representative and email:  FREDERICK BRUBAKER
Enforcement Supervisor
frederick.brubaker@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 563-2023-02020.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
07/27/2023
Michelle Eisele
District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 563-2023-02020 to the District Director at Michelle Eisele, 101 West Ohio St Suite 1900 Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

cc:
Stacey Hultquist
City of Omaha
1819 Farnam Street
Suite 804
Omaha, NE 68183

Please retain this notice for your records.

I. **Preliminary Statements**

As of October 8, 2023, the City of Omaha Human Rights and Relations Department has nine employees, none of whom are Black. There are no Black female directors of any department within the city of Omaha, and since the current mayor's reign there has not been any appointments of Black females to her cabinet. The City of Omaha employes at least 2700 employees of those only 34 black females were employed by the city, as of May 2021.

On March 28, 2023, the Omaha World-Herald reviewed 179 candidate response forms of every mayoral appointee who has come before the City Council for approval since July 14, 2020 — the date that the council considered the first batch of appointees after Stothert's pledge. An optional section lets appointees identify their "race/ethnicity/disability," and information was available for 154 of them. Of those, 79% were White, 15% were Black, and 5% were Hispanic or Latino. Men accounted for 68% of the appointees.

Executive order No. S-21-13 City of Omaha Statement of Zero Tolerance for Racism and Discrimination states that all employees are to be treated with respect and fairness without the biases of racism or discrimination.

II. **Administrative Procedures**

1. On June 10, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). The charges of discrimination are based on Retaliation and Age Discrimination (60 years of age, reduced and constructive retirement) in violation of the Age Discrimination and Employment act of 1967 (ADEA), as amended and Title VII of the Civil Rights Act of 1964, as amended.
2. On July 27, 2023, Plaintiff received a Notice of Right to Sue from the United States Equal Employment Opportunity Commission.
3. Plaintiff has complied with all other prerequisites to filing this, Action.

III. **Parties**

4. Plaintiff, Sandra Montgomery is a resident of Douglas County, State of Nebraska.
5. On November 7, 2005, the City of Omaha (Gayle Kinsey-Thompson-Black Female) hired Plaintiff as a full-time employee in the Human Rights and Relations Department as a Human Relations Specialist aka Intake, promoted to Human Relations Representative I aka Investigator in 2007, then to Human Relations Representative II aka enforcement supervisor- exempt status in August 2015.
6. At all relevant times Plaintiff met the definition of an "employee".
7. At all relevant times, the Defendant has continuously been a political subdivision doing business in the State of Nebraska and the City of Omaha, Nebraska
8. Plaintiff is currently on paid administrative leave without a supervisor and does not report to any person. From April 5, 2023, to December 23, 2023.

9. Since December 3, 2020, and continuing Plaintiff has been actively engaged in protected activity complained internally, appealed adverse discriminatory action to the Personnel Board May 2021, filled a Title VII discrimination complaint May 2021, filed a subsequent lawsuit in October 2021. Filed a motion to Rescind/Vacate an Agreement based on Retaliation and Duress, Faud, Conniving, and bad faith on May 9, 2023.

## IV Factual Background

10. On May 6, 2021, Plaintiff was demoted without due process in retaliation for complaining about abuse based on my gender by then director Franklin Thompson (Thompson). On January 4, 2022, Thompson kicked me out of the office and told me to go home. I complained about this to HR. I was reported by Catherine Baker-Coleman (Coleman) white-female, the secretary that I was shredding documents. Thompson was not at work this day and directed Gerald Kuhn (Kuhn), then assistant director to send me home.
11. From May 2021 until May 2022, I was denied the opportunity to go before the personnel board in Retaliation for engaging in protected activity. The policy provides 30 days to go before the personnel board. I was denied my right to appear until a year later or around May 26, 2022. An unreasonable delay is the same as a denial.
12. During the personnel board hearing, Thompson. on, the then director admitted to everything I alleged in my Title VII complaint. He stated that he yelled at me at a level 10. About the job duties stated, that he thought that I was helping him. Thompson stated he would fire me, but I have too many bills. Thompson stated that I did not like anyone who had an "R" on their sleeve. Meaning a Republican. Thompson also showed his disdain for females by challenging a female of the personnel board when she told him that he was held to the rules that govern the City of Omaha, to which he stated, he is like a dinosaur and will not change. Thompson would walk past me with clinched fists, has pointed his finger in my face while I was seated. Has pitted my subordinates against me, by sharing an email I sent to him about her performance and saying I sold her out.
13. From May 2021 to July 19, 2022, I worked in the office and did not speak to then co-workers (Lori O'Brien-White female, Laura Aryeetey-White female, Theresa Perez-White female) they did not speak or engage with me in any manner. It was hostile with the four white women including Coleman sitting around in each other's office conversing, sitting in the front areas when I walk through and staring at me. Thompson would meet with then co-workers and exclude me from the meetings. I worked an entire year only going to the restroom and printer. When I went to the restroom, I went on a different floor to avoid a potential run in with one of the four white women. I took the stairs to avoid riding the elevator with one of the four white women, who told scores of verifiable lies on me. If I took the elevator and one of them was on it, I did not board. Each of the four was asked at the personnel board hearing if they had complained about me to either Thompson or Kuhn, all said they had not complained.
14. I allege that participating in the harassment and bullying and threats to my livelihood and providing false statements of verifiable lies about me, created a hostile work

environment for me, and contributed to the adverse action. Each was rewarded. Perez had surgery in around March 2022 on her shoulder, only took off the day of surgery, and was allowed to work from home without having to take FMLA or use her sick leave. Colemen- scored a trip to attend a civil right conference in Los Angeles, California on August 14-18, 2022. Lori O'Brien, who had significant and documented performance and attendance issues, was allowed to remain employed. Laura Aryeetey was promised the job I was demoted from and was given supervisory materials that she prominently placed in her office. While smirking at me when I walked past her office. She had attendance issues and was chronically late to work. She also had many complaints about her behavior from Complainants. In or around 2019, Perez took off twice for extended sick leave. I realized after the first leave that Kuhn had not asked her to apply for it. During the second request for extended sick leave, I directed that she contacts HR and complete the forms for FMLA. She asked why, I advised that she should have the first time and that was the procedure. She then asked me why I told them, Thompson and Kuhn that was the procedure.

15. After the hearing Bernard in den Bosch (Bosch) the deputy city attorney, directed me to meet with him on around July 17, 2022, when asked at the meeting whose ideas was it that I leave city employment. Bosch said that it was his idea. Bosch told me that I could negotiate to be reinstated in my job. I asked him what he was offering, and he said I believe $32,000,00, then said outside of that he would have to go to the city council. I told him he would need to go to the city council and declined that offer.

16. Around the same week of July 17, 2022, Thompson announced that he was retiring and went on a print and television tour about it and received a Proclamation from the City. June 24, 2022, the personnel board rendered a non-binding decision, stating in their paragraph decision that the four white females in the office never complained about me to Thompson or Kuhn because they were afraid, then stated that both Kuhn and Thompson had talked with me about it. Nonsensical and an outright lie. The board has 10 days to submit a decision in writing to me. They submitted it some 26 days after the hearing. Not for the actual written reasons that I appealed. On June 24, 2022, I complained of having six sets of feet on my neck and was in a hostile work environment. On July 19, 2022, Bosch directed that I be placed on administrative leave in retaliation for my complaint.

17. August 9, 2022, I retained an attorney. August 30, 2022, I met in HR with Safety Director Juan Vilaboos, who asked me if I failed to speak to a co-worker on the elevator in the parking garage, failed to say thank you to a co-worker on the elevator, and I erased a sentence from my case managed file in HEMS a federal HUD system. That I continued to disparage the White female co-workers a lie. I had no interaction or communication with them at this point for 14 months - May 2021 to July 19, 2022. According to Villaboos, he implied he talked with Sheila Radcliff, from HUD and implied she said you are not supposed to erase anything in the file. I told him that I was the administrator for HEMS prior to my demotion and others like Lori O'Brien was not supposed to have

management rights to be in my case managed file to type whatever she wanted in it. I must attest to the accuracy of the information that I input each time I log in. Sheilia Radcliff is a friend of Theresa Perez. I provided the name of the person that would verify it. During this meeting Kelly Bolton (Bolton) (white female) then secretary in HR disrespected me. When I asked how long she worked in HR, she snapped to just focus on why I was there. I also advised him that I made complaints, he asked to whom, I told him Deb Sander, HR director.

18. On September 7, 2022, I met with Bolton and Gerald Kuhn (Kuhn) then assistant director and was removed from administrative leave. Kuhn stated that he calculated the ARPA funds and said that I would be able to earn the extra pay awarded to everyone else before the opportunity ended. Kuhn also stated that he did not know I had made numerous complaints to HR.

19. On September 20, 2022, Kuhn called me to meet him at Panera Bread, no HR and advised me there that I was being suspended. After, returning me to work with no discipline previously. During the meeting I asked if I could start my suspension that day, Kuhn said he needed to check with Bosch. Then said that I can take my five days whenever I wanted, as in a day here and there. Since the administrative leave, I was never allowed to work in the office. I was isolated and dehumanized, having directed me to zoom into meetings and directed that I must show my face as if I am a criminal or caged animal. Coleman only letting me in after everyone is seated, and rudely clicking me off while they continued to meet.

20. Beginning October 2022, Kuhn hired for my old position (pseudo name Doe) a black female with a JD. Doe asked me to teach her my old job. I met with her outside of the office at her request to train her, with Kuhn's knowledge. The same four white women and the Mexican woman in the office contributed to her being terminated, according to her. Doe shared with me what they said about her, which was what they also said about me. When I made complaints to HR about Kuhn, and the white females, they were not placed on administrative leave pending an investigation and my claims about O'Brien falsifying a charge with audio and documents went ignored. O'Brien while disparaging me admitted she did not have any experience in EEOC in writing which was a requirement of the job, clearly lied on her application, now admitted it, and is still allowed to maintain her employment. I believe her reward for lying on me.

21. On October 13, 2022, I complained to Bosch and Sander that Kuhn had disparaged an elected official (Juanita Johnson- Black female) city council for district 2, along with Perez and O'Brien in an open meeting with staff and provided the supporting documentation including audio.

22. On October 14, 2022, Kuhn directed via email that I come into the office after hours and move my office to a smaller one. Perez office space was the same size as mine, yet he did not ask her to move.

23. In or around October 2022, Kuhn removed the previous requirements of five years' experience in EEOC, HUD, from the assistant directors' job description and made it more general. I believe this because I was the only person at the time in the office who qualified in all areas for the job. I was still actively engaged in protected activity and had

my lawsuit filed in court and was in the discovery phase. I allege that Kuhn did not have the five years' experience in EEOC and HUD when he was hired over me in January 2018. Kuhn told multiple lies about me during his employment and when I complained about him and submitted supporting evidence, it was ignored.

24. The four white women continuously disparaged me making outlandish comments about me. Included in the disparaging and untrue comments is Bosch who wrote it in his official capacity and labeled it confidential to Doe and only for certain use. In his effort to shield it from being used in court in or around April 2023.

25. On around April 4, 2023, I complained about Bosch and continued Retaliation to city council members via email and to Matt Khuse, city attorney. I specifically asked Aimee Melton (white female) for district 7, who is an attorney to investigate. She declined to do so and is allowed by city ordinance.

26. I allege that Bosch subjected me to a continuous hostile environment by encouraging lies and moving them forward as valid. Knowingly failed to provide requested interviews about me withholding needed information to defend myself. Failed to allow me to appear before the personnel board and denied my right to do so. Suspended me creating duress by threatening my livelihood without causer. Failed to allow me to transfer to another department when I asked during the August 30, 2022, meeting. Yet, when Melanie Bates, White female firefighter was engaged in protected activity filed a Title VII complaint she was allowed to transfer while keeping her same pay and worked in the mayor's office for many years.

27. Bernard in den Bosh is the person who prepared and the 4 white co-workers to testify against me in the personnel board hearing, is the person who sets the agenda, is the person who represented the city at the hearing, is the person who initiated settlement agreement, and directed the administrative leave and suspension. Bosch never searched for the truth or was unbiased at any point, his sole mission was to tear me down.