IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA MONTGOMERY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY OF OMAHA,<br><br>                    Defendant. | **8:23CV447**<br><br><br>**ORDER TO SHOW CAUSE WHY THIS LAWSUIT SHOULD NOT BE DISMISSED FOR WANT OF PROSECUTION** |

This case came to the Court's attention because of Defendant's pending Motion for Summary Judgment. Filing 14. The Court noted that Plaintiff, who is *pro se*, had filed no timely opposition or request for an extension of time to do so. Upon further review of the record, it appears that Plaintiff was last involved with the case by participating in a telephonic conference with United States Magistrate Judge Michael D. Nelson on January 11, 2024. Filing 12. After that conference, Judge Nelson entered a Text Minute Entry setting a deadline of February 16, 2024, for Defendant to file an appropriate motion raising the issue of whether Plaintiff's claims are barred by principles of res judicata, issue or claim preclusion, collateral estoppel, and/or settlement and release. *See* Filing 12. Thus, Plaintiff was plainly aware that Defendant's Motion for Summary Judgment was likely to be filed in this case. The Text Minute Entry also stated, "Plaintiff may file a motion for leave to amend her complaint by March 1, 2024." Filing 12.

On February 16, 2024, Defendant filed both the anticipated Motion for Summary Judgment, Filing 14, and a Motion to Stay Discovery pending disposition of its Motion for Summary Judgment, Filing 19. The record reflects that Plaintiff did not file an Amended Complaint on March 1, 2024, as authorized by Judge Nelson, nor did she request an extension of

time to do so as required by Federal Rule of Civil Procedure 6(b). Likewise, Plaintiff did not respond to Defendant's Motion to Stay Discovery as required by NECivR 7.1(b) or request an extension of time to do so as required by NECivR 7.1(i), NECivR 6.1(b), and Federal Rule of Civil Procedure 6(b). Judge Nelson pointed out Plaintiff's lack of a response to the Motion to Stay Discovery in a subsequent Order. Filing 22 at 1. In that Order, Judge Nelson granted a stay of discovery and a stay of the deadline for the parties to file a Rule 26(f) Report pending the Court's resolution of Defendant's Motion for Summary Judgment. Filing 22 at 3. As mentioned above, the record reflects that Plaintiff also did not respond to Defendant's Motion for Summary Judgment within the time provided by NECivR 56.1(b)[1] or request an extension of time to do so as required by NECivR 7.1(i), NECivR 6.1(b), and Federal Rules of Civil Procedure 6(b) and 56(d). Under the circumstances, it appears that Plaintiff has failed to follow applicable local rules and Federal Rules of Civil Procedure and has abandoned this litigation by failing to prosecute it with reasonable diligence—or indeed at all—since the Defendant filed its Motion for Summary Judgment.

Under the Court's local rules, "a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." NECivR 41.2. The Court finds that before dismissing this case for lack of prosecution the Court should in the interest of justice order Plaintiff to show cause why she should be allowed to proceed with this lawsuit despite her prior lack of diligence. Accordingly,

---

[1] The Court notes that Defendant's Motion for Summary Judgment and supporting materials were not filed in complete technical compliance with the current version of NECivR 56.1(a). However, the deficiencies in Defendant's Motion would not have inhibited Plaintiff from making a timely and effective response.

**IT IS ORDERED that not later than April 5, 2024, Plaintiff shall show cause why this case should not be dismissed for failure to prosecute.** To make the required showing, Plaintiff must do the following by the deadline:

1.     File a statement demonstrating good cause and excusable neglect, as required by Federal Rule of Civil Procedure 6(b)(1)(B), for failing to file an opposition to Defendant's Motion for Summary Judgment within the time provided by NECivR 56.1(b)(3); and

2.     File a brief in opposition to Defendant's Motion for Summary Judgment and all other materials to complete her opposition required by NECivR 56.1(b).

**PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER TO SHOW CAUSE WILL LIKELY RESULT IN DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE.**

Dated this 22nd day of March, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge

3