IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA MONTGOMERY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA,<br><br>Defendant. | NO. 8:23-CV-447<br><br>**MEMORANDUM AND ORDER ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Pro se plaintiff Sandra Montgomery sued the City of Omaha, her former employer, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.* Defendant City of Omaha moved for summary judgment, arguing that Montgomery's claims are barred by collateral estoppel from a previous suit filed by Montgomery against the City, or alternatively, by a settlement agreement that was reached in that case. Filing 14. For the reasons below, the Court grants the City's Motion for Summary Judgment.

## I. INTRODUCTION

### A. Preliminary Matters

The City's Brief supporting summary judgment, Filing 15, contained a statement of material facts which is not in compliance with NECivR 56.1(a)(1). That local rule requires the statement of material facts to be "separate" from the brief. Upon discovering its noncompliance,

1

the City moved for leave to file a separate statement of material facts, Filing 26, which the Court granted, Filing 27 (Text Order). The City then submitted as a separate filing the same statement of material facts it had included with its Brief supporting summary judgment. Filing 28. Montgomery finds great significance in this noncompliance, arguing,

> When the Defendant neglected to file its separate statement of material facts in support of summary judgment on February 16, 2024, their request was woefully incomplete, and as a consequence, it should have been summarily denied in favor of the Plaintiff. This failure, which persists more than sixty days later, unequivocally prejudices the Plaintiff. Here, the Plaintiff seeks to vindicate rights unjustly withheld by the Defendant, an entity boasting an entire department of attorneys who undoubtedly should have been well aware of the procedural requirements for requesting summary judgment. The Defendant now audaciously implores the court to overlook its egregious misstep, effectively preying upon the court's leniency to salvage a time-barred issue. Such brazen disregard for procedural integrity must not go unaddressed[.]

Filing 29 at 1. For two reasons, the Court finds that Montgomery's argument is meritless.

First, Montgomery's argument is meritless because the local rule requiring a separate statement of material facts states,

> If a party files a statement of material facts, statement of additional material facts, or brief that does not comply with this rule, the court may require immediate compliance or provide any other relief that the court deems appropriate. The opposing party shall not file a motion to strike based on alleged noncompliance with this rule. Any dispute over the admissibility of evidence should be raised through an objection, in the objecting party's brief or responsive statement, to the facts relying on that evidence.

NECivR 56.1(e). When the Court granted leave for the City to file a separate statement of material facts, it granted the "relief the court deem[ed] appropriate." *Id.* Indeed, in a previous order, the Court stated that although the City's "Motion for Summary Judgment and supporting materials were not filed in complete technical compliance with the current version of NECivR 56.1(a), . . . the deficiencies in Defendant's Motion would not have inhibited Plaintiff from making a timely and effective response." Filing 23 at 2 n.1.

2

Second, Montgomery's attempt to play "gotcha" with the local rules fails because her own non-compliance is much more egregious. Montgomery failed to comply with the very rule over which she chastises the City for its noncompliance when she failed to file "a separate statement of concise responses to the moving party's statement of material facts." NECivR 56.1(b)(1)(A). Montgomery also filed an unauthorized second Brief opposing summary judgment, Filing 29, in violation of NECivR 7.1(c)(3), which provides, "No party may file further briefs or evidence without the court's leave." In addition, the Court previously entered an Order requiring Montgomery to show cause why her case should not be dismissed for failure to prosecute. *See* NECivR 41.2 (providing that Under the Court's local rules, "a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution"). Montgomery failed to timely respond to the City's Motion to Restrict, Filing 17, and Motion for Summary Judgment, Filing 14. In response to the Show Cause Order issued after Montgomery failed to respond to these Motions, Montgomery stated,

> I respect the Court. I misunderstood what was expected in reviewing the rules of the court as the reason for my failing to submit an opposition. I did not purposely neglect filing. I interpreted the rules of the court erroneously due to a current appeal filed in the Nebraska Appellate Court and Nebraska Supreme Court concerning the issues in this case. Appeal number A-24-012. I apologize to the court and ask that this case not be dismissed.

Filing 24. The Court strongly doubts that Montgomery's mere misunderstanding of deadlines would constitute the "excusable neglect" required to file an out-of-time Motion. Fed. R. Civ. P. 6(b). "Even pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). Despite Montgomery's numerous failures, and because the City is entitled to summary judgment regardless, the Court will consider all of Montgomery's submissions in ruling on the City's Motion.

3

**B. Factual Background**

The Court draws the following factual allegations from the Complaint, Filing 1, the complaint from Montgomery's 2021 lawsuit against the City, Filing 16-2 at 2, the City's statement of material facts, Filing 28, and Montgomery's two Briefs responding to the City's Motion for Summary Judgment, Filing 25; Filing 29.

1. *The Alleged Discrimination*

Montgomery is a black woman who was 60 years old at the time of the Complaint. Filing 1 at 4; Filing 16-2 at 2 (¶ 8). Montgomery was employed by the City since 2005 in the Human Rights and Relations Department. Filing 1 at 7. In April 2021, Montgomery was demoted from the role of Human Relations Rep II to the role of Human Relations Rep I. Filing 1 at 7. The reason for Montgomery's demotion was that she allegedly referred to the Director of her department as an "Uncle Tom." Filing 16-2 at 3 (¶ 15). Montgomery alleges that she was sent home one day in January 2022 for "shredding documents." Filing 1 at 15 (¶ 10). Montgomery further alleges that she experienced a hostile work environment from May 2021 until July 2022. Filing 1 at 14 (¶ 13). Montgomery was placed on administrative leave from July 2022 until September 2022. Filing 1 at 15 (¶ 16), 16 (¶ 18). In April 2023, Montgomery complained to a city councilwoman who happens to also be an attorney, and the councilwoman allegedly declined to investigate her complaint. Filing 1 at 17 (¶ 25).

2. *State and Federal Court Lawsuits*

In her original suit against the City filed in the Douglas County District Court on October 15, 2021, Montgomery brought claims under the Nebraska Fair Employment Practice Act, Title VII, the Federal Equal Pay Act, the ADEA, and the Nebraska Age Discrimination in Employment Act. Filing 16-2 at 1–2 (¶ 5). Her causes of action included race, sex, and age discrimination, as

well as unlawful retaliation. Filing 16-2 at 4–5 (¶ 17–37). Montgomery's state court complaint explains that she "exhausted her administrative remedies" when she filed a charge with the Nebraska Equal Opportunity Commission on May 7, 2021, and received a Right to Sue letter on June 30, 2021. Filing 16-2 at 2 (¶ 7). Montgomery and the City settled that state court lawsuit on December 1, 2023. Filing 18. Under the settlement agreement's terms, Montgomery received payments and a future period of paid administrative leave, in exchange for Montgomery's retirement at the end of the leave period and release of her claims against the City, "including any potential claims that she may have . . . for issues relative to her employment." Filing 18 at 3–4. The Douglas County District Court entered an order dismissing Montgomery's claims "with prejudice as a result of a settlement reached between the parties." Filing 16-3.

In the Complaint, filed in this Court on October 12, 2023, Montgomery only brings claims pursuant to the ADEA and Title VII alleging age discrimination and unlawful retaliation. Filing 1 at 4–5. The Complaint states, "the Respondent Retaliated against me for filing a discrimination complaint and subsequent lawsuit. This action has adversely affected my pension, currently I am 60 years of age." Filing 1 at 4. Montgomery indicated that she had received a Right to Sue letter from the EEOC on July 7, 2023. Filing 1 at 5.

### C. Procedural Background

Montgomery filed the Complaint in this federal lawsuit on October 12, 2023. Filing 1. The City filed an Answer on December 6, 2023. The City then moved for summary judgment on February 16, 2024. Filing 14. The three grounds for the City's Motion for Summary Judgment are as follows:

> 1.) No genuine issue of material fact exists on whether the Plaintiff's claims for employment discrimination related to the adverse action of demotion are barred by collateral estoppel from a previous lawsuit filed in the District Court of Douglas

5

County, Nebraska under *Sandra Montgomery v. the City of Omaha and Dr. Franklin T. Thompson*, Case No. CI 21-10153.

2.) No genuine issue of material fact exists on whether the Plaintiff's claims for retaliation arouse [sic] out of the Plaintiff's original lawsuit and could have been raised in the District Court of Douglas County, Nebraska under *Sandra Montgomery v. the City of Omaha and Dr. Franklin T. Thompson*, Case No. CI 21-10153, and are barred by res judicata.

3.) No genuine issue of material fact exists on whether [the] Settlement Agreement entered into by the Plaintiff and the City released and discharged the claims asserted by the Plaintiff in her Complaint against the City.

Filing 14. The City explains that the Motion "is specifically limited to the issues of collateral estoppel, res judicata, and the preclusive effect of a binding settlement agreement." Filing 15 at 10. Montgomery failed to timely respond to the Motion. On March 23, 2024, the Court issued an Order to show cause why Montgomery's case should not be dismissed for failure to prosecute. Filing 23. On April 5, 2024, Montgomery filed a response to the show-cause Order, Filing 24, and a Brief opposing summary judgment, Filing 25. On April 22, 2024, Montgomery filed a second Brief opposing summary judgment. Filing 29.

## II. ANALYSIS

Because the Court concludes that the City is entitled to summary judgment due to res judicata, the Court does not consider the City's arguments related to collateral estoppel or the effect of the settlement agreement as a contract between the parties.

### A. Summary Judgment Standards

Federal Rule of Civil Procedure 56(a) provides, "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. "A factual dispute is 'genuine' if 'a reasonable jury could

6

return a verdict for the nonmoving party.'" *Liberty Ins. Corp. v. HNTB Corp.*, 87 F.4th 886, 888 (8th Cir. 2023) (quoting *Anderson v. Liberty Lobby, In*c., 477 U.S. 242, 248 (1986)). "The court determines materiality [of facts] from the substantive law governing the claim"; thus, only "[d]isputes over facts that might affect the outcome of the lawsuit according to applicable substantive law are material." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC*, 76 F.4th 753, 757 (8th Cir. 2023) (quoting *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998)).

Both the moving and the non-moving party must support their assertions about the presence or absence of genuine factual disputes "by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). However, the parties otherwise bear different burdens at summary judgment.

"The movant has the initial burden of establishing the basis for the motion by identifying 'those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Jones v. Wellpath, LLC*, 77 F.4th 658, 662 (8th Cir. 2023) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up)). "[T]he moving party may discharge its burden by 'pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case.'" *Washington v. City of St. Louis, Missouri*, 84 F.4th 770, 773 (8th Cir. 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and citing Fed. R. Civ. P. 56(a)). "The movant is entitled to judgment as a matter of law 'when the [non-moving party] has failed to make a sufficient showing of the existence of an essential element

of [its] case." *Whitworth v. Kling*, 90 F.4th 1215 (8th Cir. 2024) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996)).

In response to a motion for summary judgment, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Jones*, 77 F.4th at 662–63 (quoting *Torgerson*, 643 F.3d at 1042). Even though a "party's own testimony is often self-serving," that alone is not grounds for disregarding it entirely as the basis for a genuine issue of material fact. *Hall v. Higgins*, 77 F.4th 1171, 1182 (8th Cir. 2023) (citing *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013)). On the other hand, "[m]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Jones*, 77 F.4th at 663 (quoting *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007)). Similarly, "[t]o create a genuine dispute of fact, 'the mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 736 (8th Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

In deciding a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[A]t summary judgment, it is not the role of the district court to weigh competing evidence or 'attempt to discern the truth of any factual issue.'" *Hall*, 77 F.4th at 1182 (quoting *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008)). "Genuine disputes of material fact are for a factfinder to resolve." *Liberty Ins. Corp.*, 87 F.4th at 889. Instead, "[s]ummary judgment is available when there is 'no genuine issue of material fact' and 'the evidence, viewed in a light

most favorable to the nonmoving party, shows . . . the [moving party] is entitled to judgment as a matter of law.'" *Liberty Ins. Corp.*, 87 F.4th at 888 (quoting *Bharadwaj v. Mid Dakota Clinic*, 954 F.3d 1130, 1134 (8th Cir. 2020)); *Nieters v. Holtan*, 83 F.4th 1099, 1105 (8th Cir. 2023) ("Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law."). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute [as to] those facts." *Johnson*, 88 F.4th at 736 (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

### B. Res Judicata Bars Montgomery's Claim

#### 1. The Parties' Arguments

The City argues that Montgomery's allegation "that she was subjected to discriminatory treatment 'for filing a discrimination complaint and subsequent lawsuit'" constitutes a "conce[ssion] that her claims arose out of her previous lawsuit and that they could have been asserted therein through the filing of an amended complaint." Filing 15 at 10. The City notes that "the only factual allegation that appears after the Order of Dismissal was filed in the Plaintiff's original case is an allegation that a City Councilmember failed to investigate a complaint made about a deputy city attorney on or about April 4, 2023." Filing 15 at 10. The City argues that the alleged failure to investigate was "not unknown to the Plaintiff while her original case was still pending, and [it] directly related to the substance of her original lawsuit." Filing 15 at 10. Thus, because all of Montgomery's present claims could have been brought before the Douglas County District Court, the City contends that res judicata bars Montgomery's claims. In response, despite

9

having submitted over 60 pages of material opposing summary judgment, Filing 25, Filing 29, Montgomery never uses the term "res judicata."

   2. *Res Judicata Standards*

"Claim preclusion, or res judicata, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1121 (8th Cir. 2023) (quoting *Plough By & Through Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995)). The Eighth Circuit has stated that res judicata applies to bar suit when:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*United States v. Bala*, 948 F.3d 948, 950 (8th Cir. 2020) (quoting *Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009)). Because "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so, . . .[t]he law of the forum that rendered the first judgment controls the res judicata analysis." *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (citations omitted). Under Nebraska law, "[a]s a general rule, a dismissal with prejudice is an adjudication on the merits." *In re Guardianship of David G.*, 798 N.W.2d 131, 133 (Neb. Ct. App. 2011) (citing *Simpson v. City of North Platte*, 338 N.W.2d 450 (Neb. 1983)).

   3. *Application*

There is no doubt that the first, second, third, and fifth elements of res judicata discussed in the previous section are satisfied here. Because the Douglas County District Court "dismissed

with prejudice" Montgomery's claim, Filing 16-3, that constituted (1) a final judgment under Nebraska law. *David G.*, 798 N.W.2d at 133. Because in most cases "state courts [are] constitutionally compelled to hear and decide any federal" claims, *Bell v. Sellevold*, 713 F.2d 1396, 1401 (8th Cir. 1983) (citing *Testa v. Katt*, 330 U.S. 386 (1947)), the Douglas County District Court's dismissal was (2) based on proper jurisdiction. Montgomery and the City were (3) parties to both the state court suit and the present suit. Montgomery also (5) "had a full and fair opportunity to litigate," *Bala*, 948 F.3d at 950, that she waived when she agreed to settle the case with the City. Thus, the only issue here is determining (4) whether "both suits are based upon the same claims or causes of action." *Id.* The Court concludes that the claims before it are the same as the claims that were before the Douglas County District Court, meaning res judicata bars Montgomery's claims.

As discussed above, Montgomery sued the City of Omaha in state court for employment discrimination under state and federal law (including retaliation under Title VII and the ADEA) after she was demoted. Filing 16-2. In December 2022, Montgomery accepted a settlement under which she received about $16,000 in addition to back pay (*i.e.*, the amount she would have received while working had she not been demoted), restoration to her original position, and an eight-month period of paid administrative leave, which expired in December 2023. Filing 18. In return, Montgomery agreed to retire at the end of her administrative leave and to release all claims against the City for employment discrimination related to her demotion. Filing 18.

Notwithstanding this settlement agreement, Montgomery brought the present suit against the City of Omaha for employment discrimination related to her demotion. Filing 1. As in her state court complaint, Montgomery's Complaint in this case explicitly identifies retaliation and age discrimination under Title VII and the ADEA as her causes of action. Filing 1 at 3–4. Reference

11

to the settlement agreement is conspicuously missing in the Complaint. *See generally* Filing 1. In her federal Complaint, Montgomery characterizes the discrimination she experienced as follows: "the Respondent Retaliated against me for filing a discrimination complaint and subsequent lawsuit. This action has adversely affected my pension, currently I am 60 years of age." Filing 1 at 4. However, the bulk of Montgomery's factual allegations of discrimination or retaliation occurred before the settlement was executed in December 2022. *See* Filing 1 at 13–17. Any event that occurred before the settlement necessarily "could have been raised in th[e] action" in the Douglas County District Court. *Cornice & Rose Int'l, LLC*, 76 F.4th at 1121.

Only two allegations in the Complaint potentially post-date the settlement. Both concern a deputy city attorney, Bosch. The first is near-incomprehensible: "The four white women continuously disparaged me making outlandish comments about me. Included in the disparaging and untrue comments is Bosch who wrote it in his official capacity and labeled it confidential to Doe and only for certain use. In his effort to shield it from being used in court in or around April 2023." Filing 1 at 17 (¶ 24).[1] The second states, "On around April 4, 2023, I complained about Bosch and continued Retaliation to city council members via email and to Matt Khuse, city attorney. I specifically asked Aimee Melton (white female) for district 7, who is an attorney to investigate. She declined to do so and is allowed by city ordinance." Filing 1 at 17 (¶ 25). While

---

[1] In Montgomery's second Brief opposing summary judgment, Montgomery states, "Allegedly, Bosch's wrongful conduct included endorsing falsehoods from four white female colleagues, persistently disparaging the plaintiff. This behavior continued through March 2023 and involved direct disparagement by Bosch himself, as well as the disregard of plaintiffs [sic] complaints about the colleagues." Filing 29 at 3. Because these allegations were not contained in the Complaint, Montgomery cannot raise them now in response to a motion for summary judgment. *See Summy-Long v. Pennsylvania State Univ.*, 226 F. Supp. 3d 371, 388 (M.D. Pa. 2016) (stating that "a plaintiff may not defeat summary judgment by asserting a claim that she did not plead in the complaint" (citation omitted)), *aff'd*, 715 F. App'x 179 (3d Cir. 2017); *see also Rodgers v. City of Des Moines*, 435 F.3d 904, 910 (8th Cir. 2006) (stating that parties are "not entitle[d] to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment").

Montgomery complained about Bosch on April 4, 2023, it appears that all of the actions about which Montgomery complained occurred before the December 2022 settlement agreement. *See* Filing 1 at 17 (¶ 26) ("I allege that Bosch subjected me to a continuous hostile environment by encouraging lies and moving them forward as valid. Knowingly failed to provide requested interviews about me withholding needed information to defend myself. Failed to allow me to appear before the personnel board and denied my right to do so. Suspended me creating duress by threatening my livelihood without causer [sic]. Failed to allow me to transfer to another department when I asked during the August 30, 2022, meeting.").

Montgomery has failed to "come forward with 'specific facts showing that there is a genuine issue for trial,'" namely, that any employment discrimination occurred after the parties settled. *Jones*, 77 F.4th at 662–63. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Id.* at 663. In other words, there are no facts from which "a reasonable jury" could determine that any of the complained-of conduct post-dated the settlement agreement. *Liberty Ins. Corp.*, 87 F.4th at 888. A reasonable jury could only find that Montgomery lodged a complaint after the settlement date. However, because Montgomery has not presented any evidence that the events about which she complained post-dated the settlement, these events necessarily "could have been raised in th[e] action" in the Douglas County District Court.[2] *Cornice & Rose Int'l, LLC*, 76 F.4th at 1121. Accordingly, res judicata applies to Montgomery's claims

---

[2] Even if the Court were to construe the City's alleged failure to investigate as a form of retaliation separate from the events that preceded the settlement, summary judgment would still be appropriate because the alleged failure to investigate was not a "'disadvantageous' change in an employment term or condition," as required to state an employment discrimination claim. *Muldrow v. City of St. Louis, Missouri*, 144 S. Ct. 967, 974 (2024) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)).

13

because her claims before the Douglas County District Court were "based upon the same claims or causes of action." *Bala*, 948 F.3d at 950.

### C. Montgomery's Duress Allegations Are Absent from Her Complaint and Therefore Incognizable

In her late-filed and second-submitted Brief opposing summary judgment, Filing 29, Montgomery argues for the first time that her entry into the settlement agreement was coerced. Specifically, Montgomery argues that "there are concerns regarding coercion and duress inflicted upon Plaintiff, akin to 'waterboarding,' which no reasonable person would endure voluntarily. Plaintiff contends that the presence of coercion and financial duress by the Defendant undermines the claim that she signed the Agreement of her own free will." Filing 29 at 5. Montgomery claims the settlement agreement contained "zero consideration" for her and "in its totality 100% favored the Defendant to the detriment of" her. Filing 25 at 2. Montgomery highlights the fact that another City employee settled an employment discrimination case with the City for "$285,000.00 in compensation without resorting to legal action in federal or district courts for her discrimination claims." Filing 29 at 4.

The Court does not need to resolve Montgomery's claims that financial concerns made her settlement "akin to 'waterboarding,'" or that another employee's better settlement from the City constitutes evidence of duress. As discussed above, Montgomery did not plead that the settlement agreement was vitiated by duress, and "a plaintiff may not defeat summary judgment by asserting a claim that she did not plead in the complaint." *Summy-Long*, 226 F.Supp.3d at 388; *see also Rodgers*, 435 F.3d at 910 (stating that parties are "not entitle[d] to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment"). Indeed, Montgomery's claims in the Complaint in this action are solely related to employment

discrimination, not to the settlement agreement between Montgomery and the city. *See generally* Filing 1. Thus, Montgomery's untimely claims of duress do not save her claim from the application of res judicata, which bars her claim. Accordingly, because there are no genuine disputes of material fact, Fed. R. Civ. P. 56(a), the City is entitled to judgment as a matter of law on Montgomery's claims against it.

### III. CONCLUSION

Montgomery's claims against the City of Omaha are barred by res judicata. Accordingly,

IT IS ORDERED that defendant City of Omaha's Motion for Summary Judgment, Filing 14, is granted.

IT IS FURTHER ORDERED that a separate judgment shall enter accordingly.

Dated this 7th day of May, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

15