IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA MONTGOMERY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA,<br><br>Defendant. | NO. 8:23-CV-447<br><br>**ORDER ON MOTION TO CORRECT MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on plaintiff Sandra Montgomery's Motion to Correct, filed on May 15, 2024. Filing 32. Montgomery asks the Court to correct what she avers is a misstatement in the Memorandum and Order granting summary judgment for the City of Omaha on Montgomery's discrimination claims. Filing 32; *see also* Filing 30 (Memorandum and Order on Summary Judgment); Filing 31 (Judgment). Specifically, Montgomery states,

> In the order page 11, paragraph 2, Judge Nelson[1] wrote Montgomery was restored to her original position under an agreement. That is not factual. Montgomery was never restored to her original position.

Filing 32.

Liberally construing Montgomery's "Motion to Correct," the Court understands her to move for relief from an order under Federal Rule of Civil Procedure 60(a), which provides for

---

[1] The Court understands Montgomery's reference to U.S. Magistrate Judge Michael D. Nelson, the magistrate judge in this case, to be in error. The undersigned issued the Order that Montgomery moved to allegedly correct.

1

"Corrections Based on Clerical Mistakes; Oversights and Omissions." Rule 60(a) states in relevant part, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The Eighth Circuit has stated,

> Rule 60(a)'s "purpose ... is to protect the administrative integrity of the appeal, *i.e.*, to ensure that the issues on appeal are not undermined or altered as a result of changes in the district court's judgment, unless such changes are made with the appellate court's knowledge and authorization."

*Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 950 (8th Cir. 2012) (quoting *In re Modern Textile, Inc.*, 900 F.2d 1184, 1193 (8th Cir.1990)). Because the Court granted summary judgment to the City based on principles of res judicata rather than the merits of Montgomery's 2021 discrimination claim, "correct[ing] the [alleged] clerical mistake" would have no impact on the "administrative integrity of the appeal" and would do nothing "to ensure that the issues on appeal are not undermined or altered as a result of changes in the district court's judgment." Fed. R. Civ. P. 60(a); *Hartis*, 694 F.3d at 950. As a result, granting the Motion to Correct would not serve the "purpose" of Rule 60(a). *Hartis*, 694 F.3d at 950. Thus, the Court declines to grant Montgomery's Motion on this basis.[2]

Accordingly,

---

[2] Further, the Court is not convinced that Montgomery has identified any factual error in its previous Order. Montgomery avers that she "was never restored to her original position." Filing 32. As the Court noted in its previous Order, "Montgomery was demoted from the role of Human Relations Rep II to the role of Human Relations Rep I." Filing 30 at 4. However, the record does not reflect, nor did Montgomery provide, evidence of any non-monetary differences between the roles of "Human Relations Rep I" and "Human Relations Rep II." The monetary disparity between the two roles was rectified by the terms of the settlement agreement, under which the City agreed to "pay additional wages to Montgomery in the amount of the difference in pay between the classifications of HRR Representative I and HRR Representative II from her demotion which was effective May 3, 2021 to the date that this Agreement [wa]s executed" on December 1, 2022. Filing 18 at 2. Indeed, the settlement agreement required that Montgomery would "continue to perform work in the same quantity and of the same quality as she was performing prior to execution of this agreement." Filing 18 at 2. Thus, the Court does not have any sworn testimony or other evidence illustrating why its prior statement was incorrect.

IT IS ORDERED that plaintiff Montgomery's Motion to Correct, Filing 32, is denied.

Dated this 6th day of June, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge